# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, )<br>    **Plaintiff** )<br>)<br>vs. )<br>)<br>PATROLMAN JAMES COUSINS 3rd, et al, )<br>    **Defendants.** ) | C.A.No. 15-253ERIE<br><br>District Judge Rothstein<br><br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [ECF No. 10] be denied.

**II.   REPORT**

    **A.  Relevant Procedural History**

Plaintiff, acting *pro se*, filed this civil rights action on October 16, 2015. As Defendants to this action, Plaintiff names three City of Erie police officers: Patrolman James Cousins, Patrolman Robert Williams, and Lieutenant William Goozdich. Plaintiff alleges that Defendants engaged in a campaign of retaliation against him due to a federal civil rights action Plaintiff was prosecuting against Officer Cousins and other officers in the Erie Police Department.

Presently pending before this Court is a motion to dismiss filed by Defendants. This motion is fully briefed and is ripe for disposition by this Court.

1

### B. Standards of Review

#### 1) *Pro se* litigants

*Pro se* pleadings, however inartfully pleaded, "must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court must consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Federal Rule 12

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556

U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tracinda Corp. v. DaimlerChrylser AG, 197 F.Supp.2d 42, 53 (D.Del. 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that a complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### C. Plaintiff's Allegations

Plaintiff alleges that on October 14, 2015, around 10:30 pm, he parked his car on the street at 18th and Liberty Streets and went into Luigi's Bar. After Plaintiff was in the bar, Officer Cousins "pulled behind my vehicle without flashing his lights or sirens … then calls a tow truck to impound my vehicle solely in retaliation for Civil Action 11-198." ECF No. 3, ¶¶ 12-13. In a

later filing, Plaintiff clarifies that Cousins' actions were solely motivated by a retaliatory animus and that Cousins specifically targeted him. ECF No. 13.

Patrolman Cousins impounded Plaintiff's vehicle and later searched it. Around 1:00 am, Plaintiff left the bar and walked to a nearby residence where he called the Erie Police Department, and "asked if they knew where my vehicle was or it may have been stolen." ECF No. 3.

Erie Police Department Dispatch sent Patrolman Williams to take a report from Plaintiff. Williams did not inform Plaintiff that his car had been impounded by the Police Department, but assisted Plaintiff in filling out a "stolen car affidavit" and had Plaintiff sign it. Plaintiff claims that Williams was aware that the car had been impounded and later admitted to talking to Lt. Goozdich (the dispatcher) and Cousins. Id.

Plaintiff was charged with falsification to authorities and false reports by Officer Williams. By separate instrument filed by Officer Cousins, Plaintiff was charged with possession of marijuana stemming from a search of the vehicle. Plaintiff claims that the three Defendants conspired together to retaliate against him because Plaintiff was prosecuting a federal civil rights action against Cousins. Id.

Plaintiff alleges that "the retaliation violated my First Amendment, the illegal search and seizure violated my Fourth Amendment and due process violation violated by Fourteenth Amendment. Furthermore, I claim there is [sic] pendant state law claims of conspiracy, entrapment, intentional infliction of emotional distress, and harassment." Id.

Despite Plaintiff's characterization of his legal claims[1], this Court construes Plaintiff's factual allegations as primarily advancing legal claims of First Amendment retaliation and federal conspiracy pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress arising out of the entire sequence of events described in the complaint.[2]

### D. The Favorable Termination Requirement of *Heck v. Humphrey*

Defendants do not argue that Plaintiff has failed to state a *prima facie* case of retaliation under the First Amendment, but instead argue that this claim and by extension Plaintiff's conspiracy claim, as well as Plaintiff's intentional infliction of emotional distress claim, are precluded by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

---

[1] "*Pro se* complaints are to be construed more liberally than others, and this liberal construction relates to both the *pro se* plaintiff's factual allegations and their legal theories." White v. City of Chicago, 2016 WL 4270152, at * 13 (N.D. Ill. 2016).

[2] Generally, where a particular constitutional amendment (in this case, the First Amendment) provides explicit protections, those provisions subsume the more general protections of due process. See e.g., Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). Here, as currently pled, even applying the liberal pleading requirements of Haines and its progeny, Plaintiff has not stated a separate due process claim independent of his federal retaliation and conspiracy claims.

Moreover, Plaintiff's claims of entrapment and harassment are also not independent claims. Entrapment is not a cognizable cause of action in either state or federal court. See Johnson v. Koehler, 2015 WL 1470948, at *12 (M.D. Pa. 2015) quoting Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967) (While entrapment may be a proper defense in a criminal action [in both state and federal courts], a police officer's participation in such activity does not constitute a constitutional violation."). Likewise, harassment is not recognized as an independent cause of action in Pennsylvania. See Keahey v. Bethel Township, 2012 WL 478936, at *12 (E.D. Pa. 2012) citing Sobel v. Winguard, 531 A.2d 520, 522-23 (Pa.Super. 1987). See also DeAngelo v. Fortney, 357 Pa.Super. 127, 132 (Pa.Super. 1986) ("Pennsylvania courts have not heretofore recognized a separate tort of harassment. We decline to do so in the instant case …").

In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. The Third Circuit has reiterated that in Heck's context of a malicious prosecution claim "the purpose of the requirement … is to avoid parallel litigation of probable cause and guilt. It also prevents the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction." Gilles v. Davis, 427 F.3d 197, 208-09 (3d Cir. 2005) (explaining Heck).

A court faced with a suit for damages under § 1983 must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence." Heck, 512 U.S. at 487. If so, the complaint must be dismissed "unless the plaintiff can demonstrate that the ... sentence has already been invalidated." Id.

So then, this Court must undertake an analysis of whether a judgment in favor of Plaintiff on his current claims of retaliation, conspiracy, and intentional infliction of emotional distress would invalidate his underlying convictions of False Reports and Disorderly Conduct. Accordingly, we look to the state court records relating to Plaintiff's underlying criminal

convictions (only a portion of which have been produced to this Court),[3] and then compare those crimes for which Plaintiff was convicted to the elements of the present claims. See generally Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997); Wisneski v. Denning, 2014 WL 1758118, at *12 (W.D. Pa. 2014) ("Application of the *Heck* rule is, of necessity, a fact-intensive inquiry by which a court must determine what essential facts were determined by the jury in the criminal trial, and what affect those decisions have on a later § 1983 claim.").

*State Court Records*

The criminal docket reflects that Plaintiff was charged with: 1) Unsworn Falsification to Authorities and 2) False Reports – Reported Offense Did Not Occur. Erie County Court of Common Pleas Judge DiSantis granted a judgment of acquittal on the charge of Unsworn Falsification[4], but allowed the False Reports charge to go before a jury, which found Plaintiff guilty of that charge. ECF No. 10-1, page 3. Plaintiff's False Reports charge was based on 18 P.S.C.A. § 4906(B)(1) which provides that "a person commits [this offense] … if he reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur."

---

[3] The parties have submitted a portion of the judicial records from Plaintiff's underlying criminal cases. Because they are court records and because their authenticity is undisputed, this Court will take judicial notice of these documents without converting this motion to dismiss into a motion for summary judgment. See Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

[4] Plaintiff's Unsworn Falsification charge, of which he was acquitted, was based on 18 P.S.C.A. § 4904(A)(1) which provides that "A person commits [this offense] … if, with intent to mislead a public servant in performing his official function, he makes any written false statement which he does not believe to be true."

8

Plaintiff was charged separately for possession of marijuana, which was found during the search of the impounded vehicle. The criminal docket shows that Plaintiff entered a guilty plea to a lesser charge of disorderly conduct. ECF No. 10-2, page 2. This disorderly conduct charge was based on 18 P.S.C.A. § 5503(A)(4) which provides that "a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he … creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

*The Elements of Plaintiff's Present Claims*

A *prima facie* showing of First Amendment retaliation under 42 U.S.C. § 1983 requires a plaintiff to show: 1) he was engaged in speech protected by the First Amendment; 2) the government responded with retaliatory action that would cause a person of ordinary firmness not to exercise his First Amendment right; and 3) there is a causal link between the retaliation and the protected speech. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

To state a conspiracy claim based upon violation of a constitutional right, a plaintiff must sufficiently allege the deprivation of the federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Thomas, 463 F.3d at 292. In addition, a plaintiff is required to "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009).

In order to state a claim of intentional infliction of emotional distress under Pennsylvania law, a plaintiff must establish the following elements: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4)

9

that distress must be severe. Hooten v. Penna. College of Optometry, 601 F.Supp. 1151, 1155 (E.D. Pa. 1984).

Here, none of Plaintiff's present claims negates or calls into question any element of the crime of disorderly conduct or false reports and none challenges the validity of Plaintiff's convictions. See Garrison v. Porch, 376 Fed.App'x 274 (3d Cir. 2010) (holding that arrestee's § 1983 and state law claims were not barred by the *Heck* doctrine despite his guilty plea to assaulting a police officer). Accordingly, Plaintiff's claims (of retaliation, conspiracy and intentional infliction of emotional distress) are not barred by the favorable termination requirement of Heck v. Humphrey. Defendants' motion to dismiss should be denied in this regard.

### E. Failure to State a Conspiracy Claim

Next, Defendants move to dismiss Plaintiff's conspiracy claim for failure to state a claim upon which relief can be granted, arguing that Plaintiff's allegations of conspiracy are vague, speculative and conclusory. This Court disagrees.

Plaintiff has pled that prior to arriving to take a police report about Plaintiff's stolen car, all three Defendants spoke and Williams knew that Plaintiff's vehicle had been impounded. ECF No. 3, ¶¶ 19-20. Plaintiff also pleads that all three had "a meeting of the minds thru [sic] phone contact to mislead me and have me sign the affidavit so that they could later charge me as they did another form or retaliation and violation of my civil liberties." Id.

In Plaintiff's opposition brief, he further describes the requisite meeting of the minds of the three Defendants. Plaintiff points to the trial testimony of Officer Williams who admits that prior to taking Plaintiff's report, Williams knew that the car had been impounded and Williams

talked with both Cousins and Goozdich. ECF No. 13, page 3; ECF No. 13-2, page 24. Plaintiff argues that the three Defendants then "proceeded to entrap Plaintiff by having him fill out and sign an affidavit concerning his missing car, then later charging him with false reports." Id.

At this early stage of the litigation, Plaintiff's factual allegations, viewed in the light most favorable to him as the non-movant, are sufficient to state a legal claim of conspiracy. Defendants' motion to dismiss should be denied in this regard.

### III.  CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendants [ECF No. 10] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days.  Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 19, 2016