UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JHEN SCUTELLA, )
)
    *Plaintiff*, )
) Case No.    1:15-cv-00253-BR-SPB
)
    *v.* ) ORDER ADOPTING MAGISTRATE
) JUDGE'S RECOMMENDATION TO
) DENY MOTION TO DISMISS
)
PATROLMAN JAMES COUSINS III, )
PATROLMAN ROBERT E. WILLIAMS )
& LIEUTENANT WILLIAM GOOZDICH, )
)
    *Defendants*. )
)

## I. INTRODUCTION

*Pro se* Plaintiff Jhen Scutella brings this civil rights action against Defendants Patrolman James Cousins III, Patrolman Robert E. Williams, & Lieutenant William Goozdich. Plaintiff alleges federal claims of First Amendment retaliation and conspiracy, and a state law claim of intentional infliction of emotional distress.[1] After reviewing the record, the Court ADOPTS Magistrate Judge Baxter's Report and Recommendation, and DENIES Defendants' Motion to Dismiss. The Court's reasoning follows.

## II. BACKGROUND[2]

On October 14, 2015, Plaintiff Scutella parked his vehicle at a bar located on 18th and Liberty Streets around 10:30pm. (Doc. No. 3, ¶¶ 8-10). According to Plaintiff, Defendant

---

[1] Magistrate Judge Baxter correctly notes that "where a particular constitutional amendment (in this case, the First Amendment), provides explicit protections, those provisions subsume the more general protections of due process." (Doc. No. 15, at 6, n.2). Accordingly, the Court agrees with Magistrate Judge Baxter's characterization of Plaintiff's Complaint as advancing federal claims of First Amendment retaliation and conspiracy and a state law claim of intentional infliction of emotional distress. (*Id.* at 6).

[2] The Court recognizes that Defendants present a different factual account, yet the Court need not resolve factual discrepancies at this stage. *See, e.g.*, *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009) (explaining that "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs").

1

Patrolman James Cousins pulled behind his parked vehicle, and subsequently impounded the vehicle while Plaintiff was in the bar. (*Id.* ¶¶ 12-14). Around 1:00am, Plaintiff called the Erie County Police Department and "asked if they knew where [his] vehicle was or it may have been stolen." (*Id.* ¶¶ 15-16). Dispatcher Defendant Lieutenant William Goozdich sent Defendant Patrolman Robert Williams to Plaintiff's residence, and Defendant Williams helped Plaintiff complete a stolen car affidavit. (*Id.* ¶¶ 17-18). Plaintiff alleges that Defendant Williams spoke to Defendants Cousins and Goozdich prior to arriving at his home and thus knew that his vehicle was impounded. (*Id.* ¶¶ 19-23). As a result of this incident, Defendant Williams charged Plaintiff with falsification to authorities and false reports. (Doc. No. 10, Ex. A). Plaintiff was found guilty by a jury of false reports. (*Id.*).

Plaintiff contends that Defendants had a "meeting of the minds" to mislead him to fill out a stolen car affidavit and then charge him with falsification to authorities and false reports. (Doc. No. 3, ¶ 22). According to Plaintiff, Defendants engaged in this conspiracy to retaliate against Plaintiff for bringing a civil rights action against the Erie County Police Department and certain officers in 2011. (*Id.* ¶ 13).

Accordingly, on October 19, 2015, Plaintiff initiated this action. On January 14, 2016, Defendants filed a Motion to Dismiss. (Doc. No. 10). On August 19, 2016, Magistrate Judge Baxter issued the Report and Recommendation concluding this Motion to Dismiss should be denied. (Doc. No. 15). Defendants object. (Doc. No. 16).

### III. ANALYSIS

Defendants object as follows to Magistrate Judge Baxter's Report and Recommendation: (1) Magistrate Judge Baxter erroneously concluded that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), is inapplicable; (2) Magistrate Judge Baxter

incorrectly determined that Plaintiff states a federal conspiracy claim; and (3) Magistrate Judge Baxter fails to address whether Plaintiff states a claim for intentional infliction of emotional distress. The Court reviews these objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

### A. The Favorable Termination Requirement of *Heck v. Humphrey*.

In *Heck v. Humphrey*, the United States Supreme Court held that when a "state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If so, then the district court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Magistrate Judge Baxter finds that a judgment in favor of Plaintiff would not necessarily imply the invalidity of his convictions. (Doc. No. 15, at 6-10). Magistrate Judge Baxter reasons that Plaintiff's present claims do not "negate[] or call[] into question any element of the crime of disorderly conduct or false reports" nor "challenge[] the validity of Plaintiff's convictions." (*Id.* at 10). In response, Defendants contend that *Heck* applies because Plaintiff is "factually guilty" of his criminal charges and because Plaintiff's First Amendment retaliation claim would necessarily undermine the convictions. (Doc. No. 16, at 2-3, 5).

The Court agrees with Magistrate Judge Baxter's conclusion. Defendants' interpretation of *Heck* is inapposite. *Heck* does not preclude a state prisoner from bringing a § 1983 action simply because that prisoner was convicted; rather, *Heck* provides that a state prisoner may bring a subsequent civil action as long as a favorable judgment does not "necessarily imply the invalidity of his conviction." 512 U.S. at 487. Moreover, the Court not only agrees with Magistrate Judge Baxter's interpretation of *Heck*, but also its application to this case. As set forth in the Report and Recommendation, a judgment in Plaintiff's favor would not challenge the validity of his prior

3

convictions, let alone call into question the elements of false reporting. Accordingly, Defendants' objections are overruled.

## B. Plaintiff's Conspiracy Claim.

"In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds as recognized by P.P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727 (3d Cir. 2009).

Magistrate Judge Baxter finds that Plaintiff's allegations sufficiently state a legal claim for federal conspiracy. (Doc. No. 15, at 11). Defendants argue that the Report and Recommendation fails to address how a federal conspiracy claim does not impugn Plaintiff's convictions in contradiction of *Heck*. (Doc. No. 16, at 5). Defendants additionally aver that Plaintiff fails to allege that Defendants' "meeting of the minds" involved retaliation. (*Id.* at 6).

The Court agrees with Magistrate Judge Baxter. Magistrate Judge Baxter carefully reviewed the requisite elements for a federal conspiracy claim to conclude that a judgment in Plaintiff's favor would not undermine Plaintiff's prior convictions. Moreover, Magistrate Judge Baxter specified the factual allegations set forth in Plaintiff's Complaint that adequately support the elements of a federal conspiracy claim. Defendants' objections are therefore overruled.

## C. Plaintiff's Claim for Intentional Infliction of Emotional Distress.

There are four elements necessary to state a claim for intentional infliction of emotional distress: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979).

4

Defendants argue that the Report and Recommendation fails to evaluate the sufficiency of Plaintiff's claim for intentional infliction of emotional distress. (Doc. No. 16, at 6). The Court agrees, and now finds that Plaintiff sufficiently pleads enough facts to state such a claim. Particularly, Plaintiff alleges that Defendant Cousins impounded Plaintiff's vehicle, and conspired with Defendants Williams and Goozdich to retaliate against him for bringing a civil rights action in 2011. (Doc. No. 3, ¶¶ 13 & 21-23). Moreover, Plaintiff avers that Defendant Williams spoke with Defendants Cousins and Goozdich prior to arriving at his residence, and thus knew that Plaintiff's vehicle was impounded. (*Id.* ¶¶ 18-22). Accepting the alleged facts to be true and drawing all inferences in Plaintiff's favor, as the Court must do on a motion to dismiss, Plaintiff's claim for intentional infliction of emotional distress, though extremely tenuous, must proceed.

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Baxter is adopted as the opinion of the Court, and Defendants' Motion to Dismiss is denied.

**IT IS SO ORDERED.**

Dated: September 28, 2016

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE