# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:15-cv-00253-BR-SPB |
| v. | ) |
| | ) **MEMORANDUM ORDER ADOPTING** |
| | ) **REPORT AND RECOMMENDATION** |
| PATROLMAN JAMES COUSINS III, | ) |
| PATROLMAN ROBERT E. WILLIAMS | ) |
| & LIEUTENANT WILLIAM GOOZDICH, | ) |
| *Defendants*. | ) |

Plaintiff Jhen Scutella brings this civil rights action against Defendants Patrolman James Cousins III, Patrolman Robert E. Williams, & Lieutenant William Goozdich.[1] Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter that denies Plaintiff's Motion for Injunctive Relief. After reviewing the Report and Recommendation, Plaintiff's Objections, Defendants' Responses to Plaintiff's Objections, and the record, the Court ADOPTS the Report and Recommendation. The Court's reasoning follows.

Plaintiff Scutella asserts that he is in fear of retaliation from Defendant Cousins, and thus seeks injunctive relief to protect him from anticipated abuse. (Doc. No. 19, at 1-2). As Magistrate Judge Baxter points out, injunctive relief is an "extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993); *see also Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 189 (3d Cir. 1990). Before it can be granted, the Court must consider whether the party seeking the injunction can meet the following four requirements: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable

---

[1] The factual background is set forth in greater detail in the Order Adopting Magistrate Judge's Recommendation to Deny Motion to Dismiss. (Doc. No. 17).

1

harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (internal quotation marks omitted).

Applying those principles, Magistrate Judge Baxter concluded that Plaintiff's request for injunctive relief should be denied because Plaintiff fails to meet the requirement of irreparable injury. (Doc. No. 24, at 3). In response, Plaintiff objects, arguing that he will suffer irreparable injury because he already suffered harm when Defendant Cousins previously assaulted him. (Doc. No. 25, at 1-2).

In reviewing Plaintiff's objection *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) (2012), the Court cannot agree with Plaintiff. Specifically, Plaintiff Scutella's anticipation of future misconduct by Defendant Cousins is too speculative to warrant the granting of a preliminary injunction. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (explaining that the requirement of irreparable injury "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"). Plaintiff's request becomes even more speculative given the questionable factual background he provides. The Court therefore agrees with Magistrate Judge Baxter's conclusions.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court **ADOPTS** the Report and Recommendation; and
2. Plaintiff's Motion for Injunctive Relief is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2016

*[signature]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE